IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANIBAL ALEXANDER CANELON AGUIRRE, aka Prometheus, The Engineer, et al.,<br><br>Defendants. | 8:25CR242<br><br>GOVERNMENT'S DISCOVERY STATUS UPDATE |

This matter comes before United States Magistrate Judge Ryan C. Carson on October 30, 2026, for a pretrial conference on the Court's own motion pursuant to the Federal Rule of Criminal Procedure 17. On August 31, 2026, the Court ordered that the Government file a status report in the respective related cases[1] on or before October 23, 2026. The United States again addresses the three topics from the prior status report:

**The current status of discovery and supplemental disclosures in each matter**

Across all related cases, the defendants have moved to utilize the services of a coordinating discovery attorney, and the Court has appointed Russell Aoki to serve in that role. Since Mr. Aoki's appointment, the Government has provided him with fourteen batches of discovery materials, either by shipping hard drives or through secure file transfer. These materials are extensive, total more than 11.3 terabytes[2], and exceed the requirements of Rule 16.

[1] Filing 462 in 8:25CR190; Filing 78 in 8:25CR242; Filing 217 in 8:26CR7; Filing 108 in 8:26CR25; Filing 57 in 8:26CR31; and Filing 26 in 8:26CR54.

[2] For context, one gigabyte of electronic information can generate approximately 70,000-80,000 pages of text, or approximately 35 to 40 banker's boxes of documents. Thus, one terabyte could hold as much as the equivalent of 35,000 to 40,000 banker's boxes of documents.

| Production | Date | Approximate Size |
|---|---|---|
| 1 | January 9, 2026 | 1.66 tb |
| 2 | February 13, 2026 | 1.51 tb |
| 3 | April 8, 2026 | 1.49 tb[3] |
| 4 | April 10, 2026 | 1.68 tb[4] |
| 5 | May 8, 2026 | 7.7 gb[5] |
| 6 | May 18, 2026 | 12.1 gb |
| 7 | June 2, 2026 | 566 gb |
| 8 | June 26, 2026 | 26 gb |
| 9 | July 13, 2026 | 1.69 tb |
| 10 | July 23, 2026 | 9.1 gb |
| 11 | August 13, 2026 | 1.67 tb[6] |
| 12 | August 24, 2026 | 321 mb |
| 13 | September 3, 2026 | 1.07 tb |
| 14 | October 21, 2026 | 1.75 gb |

The Government has received an additional batch of materials from law enforcement, which is currently under review.

[3] Approximately 136 gb of this production were addressing formatting issues of phone extractions from prior productions.
[4] A portion of this production was a replacement of a phone extraction from a prior production to allow for review of the particular phone extraction in a different format at the request of Mr. Aoki.
[5] 3.6 gb replacing a prior timelapse of surveillance video previously provided.
[6] The majority of this is related to six device extracts of devices for Francisco Requena Torrealba and Leonardo Montbrun Alvarez in 8:25CR242.

The Government has undertaken numerous steps to facilitate the transmission and review of discovery in this matter. It has communicated regularly with Mr. Aoki and his office to address requests for alternative file formats and to resolve issues involving corrupted files, missing viewers, or other access difficulties. The Government has also assisted multiple defense counsel across related cases by helping locate specific documents, providing client-specific materials when counsel experienced difficulties with Everlaw, and supplying concise summaries of the allegations—such as arrest or search warrant affidavits—when requested. On February 27, 2026, the Government provided a general summary of the case to the defense bar at the Federal Public Defender's Office. The Government has continued to provide numerous reverse proffers to defense counsel with a specific summary of the case against their particular client and to answer any questions that they may have that would facilitate their review of discovery or understanding of the case.

The Government anticipates that additional materials will continue to come into its possession as law enforcement identifies new activity related to the conspiracy or connects existing defendants to previously unsolved ATM jackpotting incidents. As outstanding defendants continue to be apprehended they may be in possession of additional materials that will need to be produced as well. The Government is aware of the applicable deadlines in the Court's progression order and, specifically, the impending "discovery cut off" for previously possessed discovery materials that is 120 days before trial.[7] The Government remains committed to meeting its discovery obligations and in providing the materials to defense as expediently as possible.

[7] Filing 413 in 8:25CR190; Filing 64 in 8:25CR242; Filing 210 in 8:26CR7; Filing 53 in 8:26CR25; Filing 37 in 8:26CR31; and Filing 16 in 8:26CR54.

The Government remains willing to continue to meet with defense counsel to facilitate their understanding of the case to facilitate resolution of these matters.

**Identifying those matters which are ready to proceed to trial in in its view, and in what order**

The Government previously provided the Court and defense counsel with proposed trial groupings. In the related cases two defendants have been sentenced, six have plead and are pending sentencing, and one is scheduled for a change of plea hearing.

The government has extended a number of plea agreements, and defense counsel for numerous defendants have requested plea agreements, which the government is currently drafting and extending. While the Government cannot predict their ultimate intentions, it appears that a number of defendants still seek to resolve their matters short of trial. As a result, the most current proposed trial groupings likely will require additional revision.

With respect to the Court's inquiry, the Government still believes that the defendants in 8:25CR190 are generally ready to proceed to trial. At this stage, the Government does not have a recommendation regarding the order in which the groupings proceed to trial.

Similarly, the Government believes that the defendants in 8:25CR242 and 8:26CR25 are ready to proceed to trial, and at this stage does not have a recommendation regarding the order of those trials. The Government believes that the defendants in 8:26CR7 are ready to proceed to trial.

The Government anticipates a motion to extend the pretrial motions deadline will be filed in 8:26CR31 and does not oppose such a motion.

The Government's assessment on matters being ready for trial is its own assessment, as it is not in a position to speak on behalf of the defense counsel and their readiness for trial. Across many dockets, some defense counsel have asked for the Government's position on a continuance of the pretrial motion deadlines. While the Government is prepared to proceed to trial, it would

not oppose a continuance, as a delay could facilitate case resolutions and conserve judicial resources.

**Identifying the anticipated length of each trial for scheduling purposes**

For the defendants presently in custody, the Government anticipates the length of its case-in-chief to be approximately 2 weeks per trial group. The duration of trials could be shortened, but it would be dependent on the number of defendants per grouping and potential stipulations.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By: s/Sean P. Lynch
Sean P. Lynch #25275
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700